# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

CORNELLLIUS PALMER,        )
                                       )

       Plaintiff,             )
                                         )

       v.                         )            No. 1:14CV0009 SNLJ
                                         )

IAN WALLACE, et al.,         )
                                         )

                                         )

       Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Section 1915(e) requires the Court to dismiss an action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After reviewing the complaint, the Court will dismiss plaintiff's claims against defendants in their official capacities, but it will issue process on plaintiff's individual capacity claims.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Ian Wallace, Warden of the Southeast Correctional Center ("SECC"), and Stephen Bergeron, a Correctional Officer at SECC. Plaintiff alleges that Wallace was aware that Bergeron had a practice of assaulting inmates and that he had taken no remedial action against Bergeron. Plaintiff further alleges that Bergeron pushed him down some stairs while he was handcuffed, injuring him. Plaintiff claims that had Wallace taken action against Bergeron, he would not have been injured.

### Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting

in their official capacity are 'persons' under § 1983." Id.  As a result, plaintiff's official-capacity claims fail to state a claim upon which relief can be granted, and these claims are dismissed.

The allegations against Wallace in his individual capacity sufficiently state a claim for supervisory liability under § 1983.  See Livers v. Schenck, 700 F.3d 340, 355 (8th Cir. 2012) (supervisor may be liable under § 1983 if he (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; (3) failed to take sufficient remedial action; and (4) proximately causing injury to plaintiff).

And the allegations sufficiently state a claim against Bergeron in his individual capacity for excessive use of force.  E.g., Foulk v. Charrier, 262 F.3d 687, 702 (8th Cir.2001).  As a result, the Court will order the Clerk to issue process on the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff shall pay his initial partial filing fee of $22.77 no later than March 7, 2014.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 19th day of February, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE